IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | Case No. 17-bk-00445 |
| | ) | Chapter 13 |
| CARLOS GONZALEZ RODRIGUEZ, | ) | Judge Mildred Caban Flores |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## UNITED STATES' MOTION TO EXTEND THE TIME TO FILE PROOF OF CLAIM

The United States moves the Court for an Order enlarging for 60 days, the Internal Revenue Service's time to file a proof of claim on its behalf pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(6). The Court should grant this motion because the Internal Revenue Service ("IRS") is not included on the debtor's list of creditors and therefore did not receive sufficient notice of the time to file a proof of claim. In support of this motion, the United States avers as follows:

### A. The Internal Revenue Service did not receive adequate notice of the bar date.

A governmental unit has 180 days after the date of the order for relief to file a proof of claim if the claim results from something other than a tax return filed under section 1308 of the U.S. Bankruptcy Code (11 U.S.C.). Fed. R. Bankr. P. 3002(c)(1). Generally, claims not filed by this date are barred, unless, among other reasons, a creditor did not have proper notice. *In re Roberts*, 98 B.R. 664, 666 (Bankr. D. Vt. 1989). A debtor must submit a list of the names and addresses of all creditors to receive notice. *In re San Miguel Sandoval*, 327 B.R. 493, 507 (B.A.P. 1st Cir. 2005). In order to satisfy due process, notice must be "reasonably calculated to reach all interested parties, reasonably conveys all of the required information [including the deadline for filing proofs of claim], and permits a reasonable amount of time for response." *In re*

*Aboody*, 223 B.R. 36, 40 (B.A.P. 1st Cir. 1998). If a creditor does not have sufficient notice, upon motion of the creditor, the Court can enlarge the time for the creditor to file a proof of claim. *In re San Miguel Sandoval*, 327 B.R. at 508; 11 U.S.C. §§ 9006(b)(3) and 3002(c)(6)(a).

Debtor filed his chapter 13 bankruptcy petition on January 30, 2017. Accordingly, the United States had until July 29, 2017 –180 days from the Order for relief– to file a proof of claim. The IRS did not file a timely proof of claim because it was not included on the Debtor's Creditor Matrix and therefore did not receive sufficient notice of the bar date. Thus, the Court should enlarge the United States' time to file a proof of claim.

### B. The United States has a valid priority claim.

#### a. The United States has a valid claim against the debtor.

The United States is seeking leave to file a proof of claim that is based, in part, on civil penalties the IRS assessed against the debtor pursuant to 26 U.S.C. § 6672, for failure to collect and pay over employment taxes to the IRS. (Ex. 1). This claim is entitled to priority under Section 507 (a)(8)(C) of the Bankruptcy Code, and it must be provided for accordingly. The debtor's plan does not provide for the United States' priority claim as provided for pursuant to 11 U.S.C. §1322(a)(2). It therefore cannot be confirmed.

#### b. The United States has a valid community claim.

The remainder of the United States' proof of claim is based on civil penalties the IRS assessed against the non-debtor spouse pursuant to 26 U.S.C. § 6672, for her failure to collect and pay over employment taxes to the IRS. This claim is a community claim, and must be provided for in the debtor's bankruptcy plan. Once a married debtor files a bankruptcy petition an estate is created and is comprised of "all interest of the debtor and of the debtor's spouse in community property as of the commencement of the case that is under the sole, equal or joint

2

management and control of the debtor." 11 U.S.C. § 541(a)(2)(A). The estate includes the community property even if the debtor files the bankruptcy petition without his or her spouse. *In re Lugo*, No. 12-05293 (ESL), 2017 WL 5565222, at *8 (Bankr. D.P.R. Nov. 17, 2017). A creditor is entitled to collect from community property in the bankruptcy estate if he or she has a community claim under state law. *Id.* at 9.

A creditor has a community claim if three factors are satisfied, specifically: "(1) it must be a debt owed by one of the spouses; (2) it must be satisfiable from community property under applicable state law; and (3) the community property from which the debt could be satisfied under state law must be included within the assets which would pass to the debtor's bankruptcy estate, whether or not such assets exist at the commencement of the case." *Id.*

Under Puerto Rico law, a conjugal partnership is created on the day of marriage, and all property of the marriage shall be considered partnership property unless it is proven that it belongs exclusively to the husband or the wife. 31 L.P.R.A §§ 3622 and 3647. This includes real property acquired during the marriage and salaries obtained by either of the spouses. 31 L.P.R.A. § 3641 (1) and (2). All debts incurred during the marriage by either of the spouses are chargeable to the community property. 31 L.P.R.A. § 3661(1).

First, the debt included on the United States' proof of claim is owed by the non-debtor spouse, and the debtor, respectively. The non-debtor spouse incurred this debt for various tax periods from 2006 to 2013. This debt was incurred during the debtor's marriage and is therefore chargeable to the community property- the real property and wages earned by either the debtor or the non-debtor spouse. Additionally, as a result of the non-debtor spouse failing to pay these outstanding civil penalties, on the date the IRS made the assessments, tax liens in favor of the United States arose by operation of law under 26 U.S.C. §§ 6321 and 6322, and attached to all

3

property and rights to property belonging to the non-debtor spouse, including her undivided one-half interest in the community property.  Third, the debtor's bankruptcy estate includes community property. The debtor's schedules include the communal primary residence, and the debtor's wages. The United States' tax lien attaches to this community property. The United States is entitled to collect from this community property in the bankruptcy estate. Therefore the United States has a valid community claim, and it must be provided for in the bankruptcy plan.

The United States did not receive notice of this bankruptcy proceeding and the date upon which to file its claim. Accordingly, the Court should grant the United States' motion and enlarge the time for it to file a proof of claim.

Date: April 12, 2018                                              RICHARD E. ZUCKERMAN
                                                                  Principal Deputy Assistant Attorney General


                                                                  */s/ Erin F. Darden*
                                                                  ERIN F. DARDEN
                                                                  Trial Attorney, Tax Division
                                                                  U.S. Department of Justice
                                                                  P.O. Box 227
                                                                  Washington, D.C.  20044
                                                                  202-307-6501 (v)
                                                                  202-514-6866 (f)
                                                                  Erin.Darden@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2018, I electronically filed the foregoing TO EXTEND THE TIME TO FILE PROOF OF CLAIM with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

NYDIA GONZALEZ ORTIZ
SANTIAGO & GONZALEZ
11 CALLE BETANCES
YAUCO, PR 00698
787 267-2205
Email: bufetesg@gmail.com
*Counsel for debtor*

ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS CHAPTER 13 TRUSTEE
PO BOX 9024062
SAN JUAN, PR 00902-4062
787 977-3500
Email: aorecf@ch13sju.com

                         */s/ Erin F. Darden*
                         ERIN F. DARDEN
                         Trial Attorney
                         United States Department of Justice, Tax Division

**NOTICE** Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.